HMG
PM: USAO # 2026R00032

USDC- BALTIMORE
'26 SEP 16 PM3:28

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO.** ABA-26-314 |
| | * | |
| **v.** | * | **(Wire Fraud, 18 U.S.C. § 1343; Forfeiture, 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), 28 U.S.C. § 2461(c))** |
| | * | |
| **TARA TAYLOR WILLIAMS,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

******

**INFORMATION**

**COUNT ONE**
**(Wire Fraud)**

The United States Attorney for the District of Maryland charges that:

**Introduction**

At times relevant to this Information:

1. Defendant **TARA TAYLOR WILLIAMS ("WILLIAMS")** was a resident of Frederick, Maryland.

2. Company 1 was a private, member-owned country club located in Maryland. Company 1 used vendors to manage payroll.

3. Between August 2004 and September 2025, **WILLIAMS** was employed in the Accounting and Human Resources Departments at Company 1. As part of her employment with Company 1, **WILLIAMS** had the ability to access vendor payroll systems and input employee information and timekeeping.

4. **WILLIAMS** was the sole account holder on a Bank of America ("BOA") account ending in 6293 ("BOA 6293"). The computer servers for BOA were located outside of Maryland.

**The Scheme to Defraud**

5. Beginning at least in or about 2010 and continuing through in or about September 2025, in the District of Maryland and elsewhere, the Defendant,

**TARA TAYLOR WILLIAMS,**

did devise and intend to devise a scheme and artifice to defraud Company 1, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, to wit: use of false payroll and timekeeping entries for a fictitious employee of Company 1.

**The Object of the Scheme to Defraud**

6. It was the object of the scheme to defraud for **WILLIAMS** to enrich herself by embezzling payroll funds from Company 1 for her personal use and benefit.

**Manner and Means of the Scheme to Defraud**

7. It was part of the scheme to defraud that **WILLIAMS** used her authority and position with Company 1 to access vendor payroll systems.

8. It was further part of the scheme to defraud that **WILLIAMS** input false and fabricated information into the payroll systems for a fictitious employee ("the ghost employee").

9. It was further part of the scheme to defraud that **WILLIAMS** fabricated timekeeping entries for the ghost employee to generate payroll for the ghost employee.

10. It was a further part of the scheme to defraud that **WILLIAMS'** false representations concerning payroll and timekeeping caused Company 1 to disburse payroll funds exceeding $750,000.

11. It was further part of the scheme to defraud that **WILLIAMS** input account information for BOA 6293 into the vendor payroll systems so that Company 1's payroll payments for the ghost employee would be directed into BOA 6293, **WILLIAMS**' personal bank account.

12. It was further part of the scheme to defraud that **WILLIAMS** made cash withdrawals of the ghost employee payroll deposited into BOA 6293, causing interstate wire communications from Maryland to BOA's servers located outside of Maryland.

13. It was further part of the scheme to defraud that **WILLIAMS** embezzled payroll funds from Company 1 to convert the funds for her own use and benefit.

**<u>THE CHARGE</u>**

14. On or about September 12, 2025, in the District of Maryland and elsewhere, the Defendant,

**TARA TAYLOR WILLIAMS,**

for the purpose of executing the scheme and artifice to defraud described above, did knowingly cause to be transmitted in interstate commerce by means of wire communication, certain writings, signs, signals, pictures, and sounds, to wit: **WILLIAMS** withdrew $1,200 in cash from BOA 6293 at an automated teller machine, resulting in an interstate wire communication from Maryland to a location outside of Maryland.

18 U.S.C. § 1343.

## FORFEITURE ALLEGATION

The United States Attorney for the District of Maryland further finds that:

1. Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the Defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the Defendant's conviction of the offense charged in Count One of the Information.

### Wire Fraud Forfeiture

2. Upon conviction of the offense set forth in Count One, the Defendant,

**TARA TAYLOR WILLIAMS,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to such offense.

### Substitute Assets

3. If any of the above-described forfeitable property, as a result of any act or omission of the Defendant:

a. cannot be located upon the exercise of due diligence

b. has been transferred, sold to, or deposited, with a third party

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property that cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

Digitally signed by PHILIP MOTSAY
Date: 2026.09.16 14:42:40 -04'00'

Kelly O. Hayes
United States Attorney